IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| SYLVESTER LEWIS, | ) | |
| | ) | |
| Plaintiff | ) | 1:24-CV-00090-SPB-RAL |
| | ) | |
| vs. | ) | SUSUAN PARADISE BAXTER |
| | ) | United States District Judge |
| SCI FOREST; WELLPATH; NP ELEANOR | ) | |
| DORRION, NP RAJU GEENANDER; RN | ) | RICHARD A. LANZILLO |
| BRADLEY M. AVENALI; MEDICAL | ) | Chief United States Magistrate Judge |
| DIRECTOR KIMBERLY SMITH; UNIT | ) | |
| MANAGER BRUMBAUGH; CO ROOK; | ) | Report and Recommendation on DOC |
| CO MILLER; LT. BEATTY, SECURITY; | ) | Defendants' Motion to Dismiss |
| AND L. REEHER, GRIEVANCE | ) | |
| COORDINATOR, | ) | ECF NO. 4 |
| | ) | |
| Defendants | ) | |

I.    Recommendation

The DOC Defendants[1] have moved to dismiss certain claims of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 4.  For the following reasons, it is respectfully recommended that the DOC Defendants' motion be GRANTED.

II.    Report

A.  Background and Relevant Procedural History

Plaintiff Sylvester Lewis ("Lewis"), an inmate in the custody of the DOC, commenced this pro se action in the Court of Common Pleas of Forest County, Pennsylvania.  His Complaint asserts Eighth Amendment claims under 42 U.S.C. § 1983 and state law tort law claims. ECF No. 1-2.  It

---

[1] The DOC Defendants are the State Correctional Institution at Forest ("SCI-Forest") and Pennsylvania Department of Corrections ("DOC") employees Registered Nurse Bradley Avenali, Unit Manager Brumbaugh, Medical Director Kimberly Smith, Correctional Officer ("CO") Rook, CO Miller, Grievance Coordinator Reeher, and Lt. Beatty. Lewis's Complaint also refers to a Defendant "Sgt. HOV." This defendant has not been properly identified or served. The Court has ordered Lewis to do so or face dismissal without prejudice of all claims against him pursuant to Federal Rule of Civil Procedure 4(m).

names eleven defendants, including SCI-Forest, where Lewis was previously housed, and seven individuals employed by the DOC at that prison (collectively, "DOC Defendants"). The Complaint also names Wellpath, a private company with which the DOC contracted to provide medical care to inmates at DOC facilities, including SCI Forest, and Nurse Practitioner Eleanor Dorrion, a Wellpath employee (collectively ("Wellpath Defendants"). The final defendant is Nurse Practitioner Raju Geenander.[2] The Wellpath Defendants removed the action to this Court pursuant to 28 U.S.C. § 1446 based on federal question jurisdiction under 28 U.S.C. § 1331.[3]

### B. Factual Allegations and Claims

The Complaint presents Lewis's factual allegations in a running narrative rather than in separately numbered paragraphs. While the Complaint is often difficult to decipher, the Court has identified the following material allegations of fact, which the Court accepts as true for purposes of the DOC Defendants' motion to dismiss.

Beginning in 2017, Lewis served part of his incarceration at SCI-Forest. In December 2021, Defendant Brumbaugh, the Unit Manager on D Unit, assigned Inmate Ivy to be Lewis's cellmate. According to the Complaint, Ivy was under investigation because he had been stabbed by another inmate. On December 4, 2021, he complained to CO Miller, CO Rook, and Sgt. HOV that he did not want to be placed in a cell with Ivy, but they refused to move Lewis or Ivy. Lewis

---

[2] Geenander's employment status and possible association with the DOC or Wellpath are unclear as no attorney has entered an appearance on his behalf.

[3] On November 11, 2024, Wellpath and related entities filed a petition in the U.S. Bankruptcy Court for the Southern District of Texas for relief under Chapter 11 of the U.S. Bankruptcy Code. Thereafter, the Bankruptcy Court entered a series of orders staying all cases against the debtor entities and their employees. This Court, in turn, entered an order staying this case. *See* ECF No. 31. On May 1 and 9, 2025, the Bankruptcy Court entered orders that resulted in the lifting of the automatic stay, and this Court, in turn, lifted its stay of the case on June 2, 2025. *See* ECF No. 36.

alleges that the following day, December 5, he again asked not to be placed in a cell with Ivy, but prison personnel again refused his request.

On December 13, 2021, Lewis was watching TV in his cell when Ivy entered. Lewis told Ivy he did not want to share a cell with him, and Ivy made disparaging remarks about Lewis because he is a convicted sex offender. Another inmate brought alcohol to the cell and Ivy began drinking. Ivy then grabbed Lewis by the collar and attempted to punch him. Lewis managed to evade Ivy's blow but struck his knee on a stool during the altercation. Ivy continued to throw punches at Lewis. Ultimately, Lewis successfully placed Ivy in a "submission" hold and hit the call button in his cell. During this phase of the altercation, Lewis's knee struck the concrete. Lewis alleges that medical personnel at SCI-Forest failed to properly treat the injuries to his knee. He also alleges that his television was damaged in the altercation with Ivy and that prison officials have refused to replace it.

While Lewis's Complaint invokes a multitude of legal labels the Court has identified the following five claims that are potentially implicated by his factual allegations:

> (1) An Eighth Amendment claim against Defendants CO Miller, CO Rook, Unit Manager Brumbaugh, and Sgt. HOV based on their failure to protect Lewis from Ivy. *See* ECF No. 1-2, pp. 7-8.

> (2) An Eighth Amendment claim against Defendants NP Dorrian, NP Geenander, Medical Director Kimberly Smith, Reeher, and Lt. Beatty based on their alleged deliberate indifference to his serious medical need. *See* ECF No. 1-2, pp. 9-10.

> (3) A due process claim based on the prison's failure to fix or replace Lewis's television. *Id.*, p. 9.

> (4) A medical malpractice claim against Defendants Dorrian and Geenander. *Id.*, pp. 18-19; and

> (5) A negligence claim against Defendants Dorrian, Geenander, and Smith. *Id.*, p. 20.

The DOC Defendants have moved to dismiss certain claims against certain of them under Fed. R. Civ. P. 12(b)(6). *See* ECF No. 4.  Specifically, they argue that (1) Defendant SCI-Forest is not a person for purposes of 42 U.S.C. § 1983 or otherwise subject to suit; (2) the Complaint fails to allege Defendants Beatty and Reeher's personal involvement in actionable conduct; (3) the Complaint fails to state a deliberate indifference to medical needs claim against Defendant Smith because she is a non-medical prison administrator ; (4) sovereign immunity bars Lewis's state law negligence claim; and (5) the Complaint fails to state a claim against any DOC Defendant for damage to or loss of his property.[4] Lewis filed a brief in opposition to the DOC Defendants' motion. *See* ECF No. 21.

C.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

---

[4] The DOC Defendants have not moved to dismiss Lewis's Eighth Amendment failure to protect claim.

4

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Finally, because Lewis is proceeding *pro se*, his complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read his pro se pleading to state a claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

D. Discussion

1. SCI-Forest is not a person for purposes of § 1983 or otherwise an entity subject to suit.

SCI-Forest is not a person within the meaning of § 1983 and, therefore, it is not subject to suit under that statute. *See Stanford v. Walton*, 2019 WL 5068666, at *8 (W.D. Pa. Oct. 9, 2019) (citing *Mincy v. Deparlos*, 2011 WL 1120295, at *7 (M.D. Pa. March 24, 2011) ("[A] prison or

correctional facility is not a 'person' within the meaning of § 1983"), *aff'd,* 497 Fed. Appx. 234,

239 n. 5 (3d Cir. 2012)). In fact, a state correctional institution is simply a collection of buildings

operated by the DOC. *See Jones v. Erie Cnty. Prison*, 2022 WL 3236939, at *1 (W.D. Pa. July 11,

2022) (county prison is not an entity amendable to suit), *report and recommendation adopted*,

2022 WL 3228113 (W.D. Pa. Aug. 10, 2022); *Regan v. Upper Darby Twp*., 2009 WL 650384, at

*4 (E.D. Pa. Mar. 11, 2009) (same).  As such, it has no legal existence independent of the DOC or

the Commonwealth of Pennsylvania that would render it subject to suit under any theory.  Finally,

to the extent, Lewis intends his inclusion of SCI-Forest to be a claim against the DOC or the

Commonwealth, his claim is also barred by Eleventh Amendment immunity.  *See Woodell v.*

*Wenerowicz,* 2019 WL 4139264, at *8 (E.D. Pa. Aug. 30, 2019) (citing *Will v. Mich. Dep't of State*

*Police,* 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many

deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a

remedy against a State for alleged deprivations of civil liberties."); *Green v. Wexford Health*

*Sources, Inc.*, 2016 WL 7239891, at *3 (E.D. Pa. Dec. 14, 2016) (holding Eleventh Amendment

immunity barred section 1983 claims against DOC)).  Accordingly, Lewis's claims against SCI-

Forest should be dismissed with prejudice.

> 2. The Complaint fails to allege facts to support Defendant Beatty or Defendant Reeher's personal involvement in actionable conduct.

A § 1983 plaintiff "must show that each and every defendant was 'personal[ly] involve[d]'

in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (quoting

*Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have

played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983

suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is

only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir.

2009). In the absence of factual allegations to support that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F. Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants played an affirmative part in the alleged Eighth Amendment violation).

These principles apply with equal force where the defendants are supervising prison officials. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (noting that liability for supervisory officials must still be based on "personal involvement in the alleged wrongs"); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[L]iability cannot be predicated solely on the operation of *respondeat superior*."). Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990). Moreover, it is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin v. Swartz*, 951 F. Supp. 2d 776, 782 (W.D. Pa. 2013). *See also Mincy v. Chmielsewski*, 508 Fed. Appx. 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). Rather, a supervisor-defendant may only be liable for unconstitutional acts undertaken by subordinates if the supervisor either: (1) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm; or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's

unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

In the instant case, Lewis's only factual averment regarding Defendant Reeher, a prison Grievance Coordinator, relates to her conduct after the incident with the guards. He alleges that Reeher did not meet with him or review the video footage Lewis requested be preserved. *See* ECF 1-2, p. 12 ("She refused to hold the guards responsible and in doing this assisted them not to replace or give me correct care."). Lewis also alleges in his opposition brief that, "[s]o now my Grievance is seen by L. Reeher and she did not investigate and over looked how to insure C.O's act in a safe manner which falls under deliberate indifference." ECF No. 21, p. 3. Allegations such as these, which seek to hold a defendant responsible for the unconstitutional actions of other individuals based upon her supervisory role in the prison system, are insufficient to establish personal involvement in the deprivation of a constitutional right. *See, e.g., Kloss v. SCI-Albion*, 2018 WL 4609144, at *4 (W.D. Pa. Aug. 15, 2018) (allegation that supervisory defendant was "made aware of several issues of the plaintiff's and . . . failed to help him" is insufficient to state a claim for reliefs) participation in an administrative appeal process); *Rogers v. United States*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official.").

Similarly, Lewis's only allegation against Defendant Beatty is that although Lewis told him that his knees were sore and that his television had been broken, Beatty did not fix or replace the television and discounted his claim of injury "because RN Bradley M. Aveali lied on his report to keep staff members from trouble…" ECF No. 21, p. 3; *see also* ECF No. 1-2, p. 9. These allegations are similarly inadequate to support a finding that Beatty personally participated in any

violation of Lewis's rights. Accordingly, the claims against Reeher and Beatty should be dismissed.

        3.  The Complaint does not support a finding that Defendant Smith, a non-medical employee, was deliberately indifferent to Lewis's serious medical need.

Lewis's claims against Defendant Smith are based on her alleged failure to approve an x-ray of his knee, and that she as the "boss [of NP Geenander and NP Dorrian] allowed them to put [Lewis] at risk for infections and permanent knee damage operated without an x-ray." ECF No. 1-2, p. 18. Smith, the prison's healthcare administrator, is not a physician or healthcare provider. Healthcare administrators such as Smith are "undisputably administrators, not doctors." *See Thomas v. Dragovich*, 142 Fed. Appx. 33, 39 (3d Cir. 2005); *see also Whitehead v. Thomas*, 2017 WL 2664490, at \*7 (W.D. Pa. May 23, 2017) ("Courts in the Third Circuit have recognized that CHCAs are 'indisputably administrators, not doctors'"). "As a general rule, non-medical prison officials are not deliberately indifferent under the Eighth Amendment simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor or because they deferred to the judgment of the medical staff treating the inmate." *Dunyan v. Pennsylvania Dep't of Corr.*, 2017 WL 3509243, at \*7 (M.D. Pa. Aug. 16, 2017) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993)); *See also Judge v. Med. Dep't at S.C.I. Greene*, 2007 WL 1576400, at \*4 (W.D. Pa. May 31, 2007) ("The rule is that where a prisoner is being treated by a physician, a non-physician prison administrator cannot be deemed deliberately indifferent simply because the lay administrator did not challenge the physician's care or respond directly to a prisoner's requests for more or different treatment.") (citing authority). "To state an Eighth Amendment claim of deliberate indifference against" a corrections healthcare administrator, Lewis must show that he "possessed actual knowledge or a reason to believe that

'prison doctors or their assistants [were] mistreating (or not treating)' him." *Id.* (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). The facts alleged in Lewis's Complaint do not support such an inference against Smith.[5] He therefore has no basis for a deliberate indifference to medical needs claim against Smith. *See, e.g., In re Wetzel*, 2016 WL 4945315, at *3 (W.D. Pa. Sep. 16, 2016) (rejecting a claim of deliberate indifference against a non-medical defendant because the plaintiff acknowledged that he had received treatment from prison physicians). This claim against Smith should be dismissed.

       4.   Sovereign Immunity bars Lewis's state law claims against any Corrections Defendant.

The DOC Defendants next argue that Lewis's state law negligence claims are barred by sovereign immunity. It is well-established that employees of the Commonwealth of Pennsylvania are entitled to sovereign immunity from common law tort claims so long as they are acting within the scope of their duties.[6] *See* PA CONST. Art. 1, § 11; 1 Pa. C.S.A. § 2310. This grant of immunity "applies to Commonwealth employees in both their official and individual capacities." *Larsen v. State Employees' Ret. Sys.*, 553 F.Supp.2d 403, 420 (M.D. Pa. 2008). *See also Nguien v. Pennsylvania Dep't of Corr.*, 2021 WL 3563373, at *7 (W.D. Pa. Aug. 12, 2021) ("In other words, if the Commonwealth is entitled to sovereign immunity . . . then its officials and employees acting within the scope of their duties are likewise immune.") (quoting *Moore v. Commonwealth*, 538 A.2d 111, 115 (Pa. Commw. Ct. 1988)). The allegations of the Complaint place each of the DOC

---

[5] Although Lewis alleges that he "was told that Kimberly Smith will not approve an x ray all your getting is a shot," ECF No. 1-2, p. 10, this cryptic allegation is insufficient to support that Smith was aware that medical personnel were mistreating Lewis or that she interfered in his treatment.

[6] Pennsylvania law recognizes ten exceptions to sovereign immunity: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. 42 Pa. C.S.A. § 8522. None of the foregoing exceptions applies to any claim against a DOC Defendant in this case.

Defendants' alleged actions squarely within the scope of their employment. *See Mitchell v. Luckenbill*, 680 F.Supp.2d 672, 682 (M.D. Pa. 2010) (identifying the requirements for an action to fall within the scope of employment under Pennsylvania law). Consequently, Defendants are protected by sovereign immunity. *McGrath v. Johnson*, 67 F.Supp.2d 499, 511 (E.D. Pa. 1999) ("The Department of Corrections is an agency of the Commonwealth and the defendants, as employees of an agency of the Commonwealth, are entitled to the protection afforded by sovereign immunity.") (citing *Maute v. Frank*, 657 A.2d 985, 986 (Pa. Super. Ct. 1995) (state prison officials enjoy sovereign immunity). Lewis's state law negligence claims against the DOC Defendants should be dismissed.

     5.   The Complaint fails to state a claim against any Corrections Defendant for damage to or destruction of personal property.

Neither negligent nor intentional deprivations of property violate the due process rights of a prisoner if the prisoner has a meaningful post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because the DOC's grievance procedure provides an adequate post-deprivation remedy, it forecloses Lewis's due process claim based on damage or loss of his personal property. *See Tillman v. Lebanon County Corr. Fac.*, 221 F.3d 410, 422 (3d Cir. 2000); *Austin v. Lehman*, 893 F. Supp. 448, 454 (E.D. Pa. 1995). A due process claim is foreclosed even if the inmate is dissatisfied with the outcome of the process. *See Iseley v. Horn*, 1996 WL 510090, at * 6 (E.D. Pa. Sept. 3, 1996). The availability of the post-deprivation remedy is established where, as here, the inmate has utilized the grievance process to challenge the deprivation. *See Pettaway v. SCI Albion*, 2012 WL 366782, at *3 (W.D. Pa. Feb. 2, 2012); *Williams v. Crowther*, 2021 WL 3371283, at *4 (W.D. Pa. Aug. 3, 2021); ECF No. 1-2, p. 9 ("I put in a Grievance due to my injuries and situation of TV and on the staff."). Accordingly, Lewis's due process claim for damage or destruction of his personal property should be dismissed.

E.  Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless doing so would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  While "the grant or denial of an opportunity to amend is within the discretion of the District Court," it may not "outright refus[e] to grant the leave without any justifying reason appearing for the denial." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  These instructions apply equally to pro se litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Here, because Lewis may be able to allege additional facts to support a claim against Defendant Smith, amendment as to her may not be futile.  However, amendment as to Lewis's claims against SCI-Forest would be futile because it is not amenable to suit.  Amendment would also be futile regarding Lewis's negligence claim against the DOC Defendants as it is barred by immunity, his due process claim for loss or destruction of personal property because Lewis had an adequate post-deprivation remedy, and his claims against Beatty and Reeher because they had no personal involvement in any actionable conduct.  Accordingly, the Eighth Amendment claim against Smith should be dismissed without prejudice and with leave to amend.  Lewis's negligence claim against the DOC Defendants, his due process claim for loss or destruction of personal property, and his claims against Beatty and Reeher should be dismissed with prejudice.

F.  Conclusion

For the foregoing reasons, it is respectfully recommended that the DOC Defendants' partial motion to dismiss (ECF No. 4) be GRANTED, and that the following claims against the DOC Defendants be dismissed with prejudice:

(1) Lewis's negligence claim against all DOC Defendants;

(2) His due process claim for destruction of personal property against any DOC Defendant; and

(3) All claims against Defendants' SCI-Forest, Reeher, and Beatty.

It is further recommended that Lewis's deliberate indifference to serious medical needs claim against Defendant Smith be dismissed without prejudice and with leave to amend within a time specified by the Court.[7]

III.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 2nd day of June 2025.

RESPECTFULLY SUBMITTED:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[7] The DOC Defendants have not challenged the legal sufficiency of Lewis's Eighth Amendment failure to protect claim against Defendants Brumbaugh, CO Rook, and CO Miller. This claim should proceed.