IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SYLVESTER LEWIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:24-CV-90 |
| **SCI FOREST, et al,** | ) |
| **Defendants.** | ) |

**MEMORANDUM ORDER**

This action was received by way of removal from the Court of Common Pleas of Forest County by the U.S. Clerk of Court on March 28, 2024 and was assigned and referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff, an inmate acting pro se, asserts constitutional claims under 42 U.S.C. § 1983 and state law tort claims arising during his incarceration at SCI Forest. Named as Defendants to this action are: SCI Forest, NP Raju Eleanor Dorrion, NP Raju Geenander, RN Bradley Avenali, Medical Director Kim Smith, Unit Manager Brumbaugh, Correctional Officers Rook and Miller, and Lieutenants Beatty and Reeher.

The DOC Defendants filed a partial motion to dismiss. ECF No. 4. Plaintiff filed an opposition brief. ECF No. 21. On June 2, 2025, Chief Magistrate Judge Lanzillo issued a Report and Recommendation recommending that the motion to dismiss be granted and that the following claims against the DOC Defendants be dismissed with prejudice:

1

>    (1) The negligence claim against all DOC Defendants;
>
>    (2) The due process claim for destruction of personal property against any DOC Defendant; and
>
>    (3) All claims against Defendants SCI Forest, Reeher, and Beatty.

Judge Lanzillo further recommended that Plaintiff's Eighth Amendment claim based on deliberate indifference to his serious medical needs against Defendant Smith be dismissed without prejudice but with leave to amend. ECF No. 37. Despite being given the opportunity to do so, no party filed Objections to the Report and Recommendation.

Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2). A district court is not required to make any separate findings or conclusions when reviewing a recommendation *de novo* under 28 U.S.C. § 636. *See Hill v. Barnacle*, 655 Fed. App'x 142, 148 (3d Cir. 2016) ("District courts are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b). We presume that the District Court engaged in the required de novo review absent some indication to the contrary. There is no such indication here because the District Court noted Hill's objections and stated that it reviewed the record independently.") (internal citation omitted).

After *de novo* review of the complaint and documents in the case, together with the report and recommendation thereto, the following order is entered:

AND NOW, this 25th day of June 2025;

IT IS HEREBY ORDERED that the DOC Defendants' motion to dismiss [ECF No. 4] is granted. The following claims shall be dismissed with prejudice:

    (1) The negligence claim against all DOC Defendants;

    (2) The due process claim for destruction of personal property against any DOC Defendant; and

    (3) All claims against Defendants SCI Forest, Reeher, and Beatty.

Furthermore, Plaintiff's Eighth Amendment claim against Defendant Smith is dismissed without prejudice.

AND IT IS FURTHER ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, issued on June 2, 2025 [ECF No. 37] is adopted as the opinion of the court.

By separate Order of Chief Magistrate Judge Lanzillo, Plaintiff will be directed to file an amended complaint as to his Eighth Amendment claim based on deliberate indifference to his serious medical needs against Defendant Smith.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge