IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| SYLVESTER LEWIS, | ) | 1:24-CV-00090-RAL |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| WELLPATH, NP ELEANOR DORRION, NP RAJU GEENANDER, RN BRADLEY M. AVENALI, MEDICAL DIRECTOR K. SMITH, UNIT MANAGER BRUMAGIN, CO ROOK, CO MILLER, B. HOGUE, | ) | OPINION ON DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS |
| | ) | RE: ECF NO. 81 |
| Defendants | ) | |

OPINION

Pending before the Court is Defendant Wellpath's Motion to Dismiss and, alternatively, for Judgment on the Pleadings. ECF No. 81. For the reasons explained below, the Court will grant Wellpath's Motion to Dismiss and deny as moot its alternative request for Judgment on the Pleadings.

I. Relevant Procedural History

Plaintiff Sylvester Lewis ("Lewis") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") and was formerly housed at the DOC's State Correctional Institution at Forest County ("SCI-Forest").[1] He brings

---

[1] Lewis was an inmate at SCI-Forest during the events relevant to this action. He remains in the custody of the DOC but is currently housed at the State Correctional Institution AT Albion, Pennsylvania.

this action against six employees of the DOC,[2] Wellpath, LLC ("Wellpath"), a limited liability company with which the DOC contracted to provide medical services to inmates, and two individuals employed by or otherwise associated with Wellpath who provided medical services at SCI-Forest: NP Elenor Dorrion and NP Raju Geenander (collectively, "Medical Defendants").[3] Lewis seeks damages against the Defendants for medical care he received in prison that he alleges was so deficient it constituted both medical malpractice and a violation of his Eighth Amendment right to be free from cruel and unusual punishment. The operative pleading before the Court is Lewis' Amended Complaint. ECF No. 86.

On November 15, 2024, Wellpath filed a Suggestion of Bankruptcy and Notice of Stay, reflecting that on November 11, 2024, Wellpath Holdings, Inc. ("Wellpath Holdings") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. ECF No. 44 (citing *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex. Nov. 11, 2024)). Wellpath Holdings' filing extended debtor status to various affiliated entities, including Wellpath, LLC, and triggered the automatic stay of Section 362(a) of the United States Bankruptcy Code as to all lawsuits against Wellpath Holdings and such affiliated entities. On November 19, 2024, this Court stayed this action in accordance Section 362(a). ECF No. 45.

---

[2] By prior order, all claims against Defendants SCI-Forest, Reeher, and Beatty were dismissed with prejudice. *See* ECF No. 41.

[3] Wellpath files the present motion to dismiss solely on behalf of itself. It does not request dismissal of claims against any other Medical Defendant. *See* ECF No. 81, *generally*.

On May 1, 2025, Wellpath Holdings filed a Confirmation of the Plan of Reorganization under Chapter 11 of the Bankruptcy Code ("Plan").[4] *See In Re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx. May 1, 2025) (Bankr. Doc. No. 2596). This Court lifted its stay of the present action as to all non-debtor defendants on June 2, 2025. *See* ECF No. 36. On October 15, 2025, Wellpath moved to dismiss the claims against it or, alternatively, for judgment on the pleadings based on discharge in bankruptcy pursuant to the Bankruptcy Court's order confirming the Plan. ECF No. 81.

The Court ordered Lewis to respond to the motion by November 20, 2025. ECF No. 53. To date, Lewis has not responded to the pending motion or requested an extension of time to do so.

II. Discussion

Pursuant to Article IX.A. of the Plan, all Claims and Causes of Action against the Debtors as defined in the Plan (which includes Wellpath, LLC) are discharged as follows:

> the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties.

Plan, Article IX.A, ECF No. 51-2 at p. 129.

---

[4] The Court takes judicial notice of the proceedings in the Bankruptcy Court. *See McDonald v. Jones*, 427 Fed. Appx. 84, 85 (3d Cir. 2011) (district court may take judicial notice of proceedings in other courts that are matters of public record) (citing *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir.2007)).

Furthermore, under Article IX.F of the Plan, holders of Claims and Causes of Action that are discharged or released are permanently enjoined from, among other things,

> (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

Plan, Article IX.F, *id.*, at 134.

Under the terms of the, Wellpath, LLC is discharged from liability for all claims that arose prior to November 11, 2024. *See In re Wellpath Holdings, Inc.*, (Bankr. S.D. Tx. May 1, 2025) (Bankr. Doc. No. 2596, 2679, 2680). A discharge of a Chapter 11 bankruptcy debtor "operates as an injunction against commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Therefore, Lewis cannot proceed with

4

his claims against Wellpath, LLC in this action.  *See Perez-Martinez v. County of Union Penna*, 2025 WL 2004700, at *6 (E.D. Pa. July 17, 2025) ("This court is not the proper forum for Perez to pursue his claims against Wellpath, which was discharged from liability by the United States Bankruptcy Court for the Southern District of Texas, Houston Division, for claims that arose prior to November 11, 2024.").

III. Conclusion

For the foregoing reasons, Wellpath's motion to dismiss the claims against Wellpath, LLC based on discharge in bankruptcy will be granted and all claims against Wellpath will be dismissed.  Wellpath's alternative request for judgment on the pleadings will be denied as moot.

An Order will follow separately.

Dated this 31st day of March, 2026.

BY THE COURT

_____

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE