IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| SYLVESTER LEWIS, | ) | |
| | ) | |
| Plaintiff | ) | 1:24-CV-00090-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| NP ELEANOR DORRION, NP RAJU GEENANDER, RN BRADLEY M. AVENALI, MEDICAL DIRECTOR K. SMITH, UNIT MANAGER BRUMAGIN, CO ROOK, CO MILLER, B. HOGUE, | ) | MEMORANDUM OPINION ON CORRECTIONS DEFENDANTS' PARTIAL MOTION TO DISMISS |
| | ) | RE: ECF NO. 101 |
| Defendants | ) | |

Corrections Defendants have moved under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Complaint on the grounds that it violates Fed. R. Civ. P. 8 and 10. In the alternative, the motion seeks dismissal of (1) all claims for money damages against Corrections Defendants in their official capacities; (2) Plaintiff's Eighth Amendment deliberate indifference to medical needs claim against Defendant Smith; and (3) Plaintiff's Eighth Amendment failure-to-protect claim against Defendants Brumagin and Hogue. *See* ECF No. 101. For the reasons discussed herein, Defendants' motion will be denied to the extent it seeks dismissal based on violation of Rules 8 and 10. The motion will be granted in all other respects, but Plaintiff will be permitted to file a second amended complaint limited to correcting instances where his reference to "Sgt. HOV" was intended to be to Defendant Hogue.[1]

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I. RELVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Sylvester Lewis ("Lewis") commenced this pro se action in the Pennsylvania Court of Common Pleas of Forest County against eleven Defendants[2] employed by or associated with the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution in Forest County ("SCI-Forest"), where he served a portion of his sentence of incarceration.[3] The remaining Defendants are: RN Bradley M. Avenali, Medical Director K. Smith, Unit Manager Brumagin, CO Rook, CO Miller, B. Hogue (collectively "Corrections Defendants"), NP Eleanor Dorrian[4], and NP Raju Geenander.

The case was removed to this Court on March 28, 2024, based on federal question jurisdiction under 28 U.S.C. § 1331 and in accordance with 28 U.S.C. § 1446. On June 26, 2025, the Court convened a telephonic status conference to address, among other things, the need to identify the Defendant designated in Lewis's pleadings as "Sgt. HOV." *See* ECF 42. To this end, the Court later ordered Corrections Defendants to respond to Lewis's request for identification of the sergeants on duty in the D-Unit of SCI-Forest on December 4, 5, and 13, 2021. ECF No. 61. Corrections Defendants complied. *See* ECF No. 64. On August 21, 2025, Lewis filed a motion to substitute Sgt. B. Hogue for Sgt. HOV (ECF No. 70), which motion the Court granted. *See* ECF No. 78.

---

[2] The Court previously dismissed all claims against Defendants SCI-Forest, Wellpath, Lt. Beatty, and L. Reeher. *See* ECF Nos. 41, 110.

[3] Lewis is currently housed at the State Correctional Institution at Albion.

[4] Lewis's Amended Complaint erroneously refers to Defendant Eleanor Dorrian CRNP as "NP Eleanor Dorrion." The Court will use the correct spelling, "Dorrian," in this Memorandum Opinion.

Thereafter, Lewis filed an Amended Complaint, which remains the operative pleading before the Court. *See* ECF No. 88. Corrections Defendants have moved to dismiss the Amended Complaint on the grounds that it fails to comply with Federal Rules of Civil Procedure 8 and 10. In the alternative, they seek dismissal of (1) all claims for money damages against them in their official capacities based on Eleventh Amendment immunity; (2) Lewis's Eighth Amendment deliberate indifference to medical needs claim against Defendant Smith based on her status as a non-treating healthcare administrator; (3) Lewis's Eighth Amendment claim against Defendant Hogue based on his lack of personal involvement in any constitutional violation; and (4) Lewis's Eighth Amendment failure-to-protect claim against Defendant Brumagin based on the insufficiency of the facts alleged to support the claim. The motion has been fully briefed and is ripe for disposition. *See* ECF No. 102 (Corrections Defendant's brief); ECF No. 105 (Lewis's brief in opposition).

II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations of the complaint and view them in a light favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). In making its determination, the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only allege facts sufficient "to raise a right to

relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Dismissal is appropriate only where the plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, when assessing a motion to dismiss, the court must view the factual allegations of the complaint as true, but it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Finally, because Lewis is proceeding pro se, his Amended Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the Court can reasonably read his pro se pleading to state a valid claim upon which relief can be granted, it will do so despite

his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading standards. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be unartfully drawn and should be read "with a measure of tolerance"). But "any pleading must still contain sufficient factual allegations that, when accepted as true, 'state a claim to relief that is plausible on its face.'" *Heffley v. Steele*, 2019 WL 5092127, at *4 (W.D. Pa. Oct. 11, 2019), *aff'd*, 826 Fed. Appx. 227 (3d Cir. 2020) (citations omitted).

## III. FACTUAL ALLEGATIONS

The Amended Complaint presents Lewis's factual allegations in a running and disjointed narrative rather than in separately numbered paragraphs. It also intersperses that narrative with numerous exhibits. Although the Amended Complaint is often difficult to follow, the Court has identified the following material factual allegations, which it accepts as true for purposes of the Corrections Defendants' motion to dismiss.

On December 4, 2021, Lewis and his cellmate, Inmate Ivy, separately, and later jointly, requested that Brumagin move them to different cells because they "could not live together in peace." ECF No. 88 at 9. Brumagin refused their request. *Id.* at 9-10. During the week of December 13, 2021, Lewis again asked Brumagin to move him. *Id.* at 10. On the same day, Ivy demanded to see paperwork concerning Lewis's criminal charges. When Lewis refused, Ivy stated that he believed Lewis had been convicted of rape, that he would not share a cell with a rapist, and that he was

"blood affiliated." *Id.* at 1. Ivy stated that prison staff "got to move me" and separately informed Defendant Miller and Sergeant Hogue, in Lewis' presence, that he needed to be moved and that, if he was not, "something was gone end up happening." *Id.* at 2, 5.

Lewis told Miller he was willing to move to another cell or housing unit, but Miller refused to move him. Hogue also refused to move either inmate and ordered both to return to their cell. Lewis asked Defendant Rook to contact a lieutenant or captain, but Rook refused and directed Lewis to either return to his cell or receive a misconduct for refusing an order. *Id.* at 5-7.

Later that day, after Ivy consumed homemade alcohol, he assaulted Lewis between approximately 1:50 p.m. and 2:30 p.m. Lewis repeatedly used the emergency call button to summon assistance. Lewis informed the officer who answered that he was being assaulted, but no one responded. When he activated the call button again, he heard officers laughing and stating that the incident was "a second shift problem" before instructing him to stop pressing the button. *Id.* at 3. No staff responded until the second shift arrived, and Miller, Hogue, and Rook all heard his requests for assistance but failed to intervene. Brumagin separated Lewis and Ivy immediately after Ivy's assault and transferred Lewis to another housing cell the following day. *Id.* at 11.

Following the assault, Lewis sought medical treatment for severe knee pain. At approximately 2:30 p.m., on December 13, 2021, Lewis informed Defendant Avenali that he had been assaulted and was experiencing significant pain in his

knees. Avenali responded that the housing unit had reported that Lewis had chest pain and he therefore limited the examination to taking Lewis's vital signs. Avenali declined to prepare an incident report or notify security after learning that Lewis had been assaulted. *Id.* at 13.

On April 27, 2022, Defendant Geenander examined both of his knees and remarked that Lewis frequently sought treatment despite there being nothing seriously wrong with him. *Id.* at 16. Lewis contends that Geenander inserted needles into his right knee without his consent in an unsuccessful attempt to aspirate fluid and that the procedure caused bleeding and additional injury. Lewis requested an x-ray, but Geenander informed him that Defendant Smith had denied the request. Lewis thereafter experienced increased pain, chills, shaking, nightmares, and difficulty touching his knee.

On August 7, 2022, Defendant Dorrian examined him because he was having difficulty walking. Dorrian inserted needles into his knee without first obtaining x-rays, causing additional pain and injury. The repeated needle procedures, performed without anesthetic or diagnostic imaging, caused further damage to his right knee. An x-ray of Lewis's knee was later performed. It showed "[n]o evidence of an acute

osseous fracture," "[n]o intra-articular loose bodies," and "[n]o sizable suprapatellar effusion. Prepatellar soft tissue swelling." *Id.* at 39 (X-ray report).

## IV. LEWIS'S CLAIMS AND CORRECTIONS DEFENDANTS' MOTION

Although the Amended Complaint does not include separate counts, the Court has identified the following claims:

(1) An Eighth Amendment claim against Defendants Miller, Rook, Brumagin, and Hogue based on their failure to protect him from Ivy's assault;

(2) An Eighth Amendment claim against Defendants Avenali, Dorrian, Geenander, and Medical Director Kimberly Smith based on their alleged deliberate indifference to injuries Lewis suffered during Ivy's assault; and

(3) A state-law medical malpractice claim against Dorrian and Geenander.

In support of their motion to dismiss, the Corrections Defendants argue that the Amended Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10. *See* ECF No. 102. In the alternative, they challenge the legal sufficiency of (1) all claims for money damages against them in their official capacities, (2) the Eighth Amendment deliberate indifference to medial needs claim against Defendant Smith, (3) any claim against Defendant Hogue, (4) the Eighth Amendment failure-to-protect claim against Defendant Brumagin. Corrections Defendants do not challenge the sufficiency of the allegations of the Amended Complaint to support Lewis's (1) Eighth Amendment failure-to-protect claim against Defendants Rook and Miller, (2) Eighth Amendment deliberate indifference claim against Defendants Avenali, Dorrian, and Geenander, and (3) state-law medical malpractice claim against Defendants Dorrian and Geenander.

## V. DISCUSSION AND ANALYSIS

### A. While the Amended Complaint fails to comply with Rule 8 and Rule 10, dismissal on this ground is unwarranted.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) provides that each allegation "must be simple, concise, and

direct." Fed. R. Civ. P. 8(d)(1). These requirements are intended to ensure that the defendant has fair notice of the claims asserted and the grounds upon which they rest. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Although Rule 8 does not demand detailed factual allegations, it does require more than a "bare averment that [the plaintiff] wants relief and is entitled to it." *Twombly*, 550 U.S. at 556 n. 3. (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1202, p. 94, 95 (3d ed.)).

Dismissal under Rule 8 is generally reserved for pleadings that are "so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Likewise, dismissal may be appropriate where a complaint is so prolix or disorganized that it overwhelms the defendant's ability to understand the claims or prepare a response. *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004).

Rule 10(b), in turn, requires a party to allege facts in numbered paragraphs, each limited, as far as practicable, to a single set of circumstances. Fed. R. Civ. P. 10(b). This requirement is intended to promote clarity and provide defendants with meaningful points of reference when responding to a complaint. See *Spence v. Shafer*, 2013 WL 1364025, at *4 (W.D. Pa. Mar. 7, 2013).

The Court agrees that Lewis's Amended Complaint does not comply with Rule 8 or Rule 10. Rather than presenting his allegations in separately numbered paragraphs and organizing his claims by count, Lewis relates the underlying events in a lengthy disjointed narrative with interspersed exhibits and quotations. It

requires considerable effort to identify the factual allegations and legal claims asserted against each Defendant.

Notwithstanding these deficiencies, the Court finds that dismissal is not warranted. Construing the Amended Complaint liberally based on Lewis's pro se status, the Court can discern Lewis's claims, the facts on which Lewis bases each claim, and the Defendant or Defendants against whom he asserts each claim. Indeed, despite the pleading's deficiencies, the Corrections Defendants understood the claims asserted in the Amended Complaint well enough to challenge their legal sufficiency. Accordingly, the Court will deny Corrections Defendants' motion to dismiss to the extent it is based on the Amended Complaint's Rule 8 and Rule 10 deficiencies. The Court will next address Corrections Defendants substantive challenges to specific claims of the Amended Complaint.

B. All claims for monetary relief against Corrections Defendants in their official capacities will be dismissed with prejudice.

It is unclear from Lewis's Amended Complaint whether he seeks compensatory damages against Corrections Defendants in their official and/or individual capacities. To the extent Lewis requests such damages against them in their official capacities, his claims are barred by the Eleventh Amendment, which proscribes actions for money damages in the federal courts against states, their agencies, and state officials acting in their official capacities. *See Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977) (state agencies); *Edelman v. Jordan*, 415 U.S. 651 (1974) (state employees acting in their official capacity). The DOC is an agency of the Commonwealth of Pennsylvania, and

as such, it and its agents and employees acting in their official capacities are immune from monetary damages. *See Brown v. Smith*, 2019 WL 2411749 (W.D. Pa. June 7, 2019). Lewis's claims for monetary relief against Corrections Defendants in their official capacity will therefore be dismissed with prejudice.

C. Lewis's Eighth Amendment deliberate indifference claim against Smith will be dismissed.

The Court previously dismissed Lewis's Eighth Amendment deliberate indifference claim against Defendant Smith without prejudice and granted Lewis leave to amend. *See* ECF No. 41. In doing so, the Court explained that Smith, the prison's healthcare administrator, is not a physician or other medical provider, but rather a non-medical prison administrator. As such, she cannot ordinarily be held liable under the Eighth Amendment merely because she deferred to the judgment of the medical professionals responsible for an inmate's care. *See Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (administrators could not be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor."); *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official...will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."); *Thomas v. Dragovich*, 142 Fed. Appx. 33, 39 (3d Cir. 2005) (applying *Spruill* and *Durmer* to affirm dismissal of claims against non-medical prison administrators).

This Court further explained that, to state a deliberate indifference claim against a non-medical prison administrator, such as Smith, Lewis must allege facts to support a plausible inference that Smith knew or had reason to believe that prison medical staff were mistreating or failing to treat him. The original complaint failed to do so. Instead, Lewis alleged only that he had been told that Smith "would not approve an x-ray," a conclusory allegation that did not plausibly establish either that Smith personally interfered with his medical treatment or that she possessed actual knowledge that the treating medical providers were providing constitutionally inadequate care.

The Amended Complaint does not cure this deficiency. Lewis again only alleges that, after Geenander unsuccessfully attempted to aspirate his knee, Lewis requested an x-ray and Geenander informed him that Smith did not approve the request. ECF No. 88 at 16. Lewis still pleads no facts to support that Geenander determined that an x-ray was medically necessary and that Smith overrode his medical judgment or knew that Lewis's providers were subjecting him to constitutionally deficient medical care. Rather, the Amended Complaint confirms that Lewis remained under the care of medical personnel throughout the relevant period and that an x-ray was ultimately performed and revealed "[n]o evidence of an acute osseous fracture," "[n]o intra-articular loose bodies," and "[n]o sizable suprapatellar effusion. Prepatellar soft tissue swelling." ECF 88 at 39.

Allegations such as Lewis's are insufficient to state an Eighth Amendment claim against a non-medical prison administrator. *See Whitehead v. Thomas*, 2017

WL 2664490, at *7 (W.D. Pa. May 23, 2017) ("Courts in the Third Circuit have recognized that CHCAs are 'indisputably administrators, not doctors'"); *Judge v. Med. Dep't at S.C.I. Greene*, 2007 WL 1576400, at *4 (W.D. Pa. May 31, 2007) ("The rule is that where a prisoner is being treated by a physician, a non-physician prison administrator cannot be deemed deliberately indifferent simply because the lay administrator did not challenge the physician's care or respond directly to a prisoner's requests for more or different treatment."). Lewis's failure to remedy the pleading deficiency previously identified by the Court demonstrates that further amendment would be futile. Accordingly, Lewis's Eighth Amendment claim against Smith will be dismissed with prejudice.

D. The Amended Complaint does not allege facts to support the personal involvement of Defendant Hogue, but the Court will allow Lewis a further opportunity to amend to specify the extent to which he intended his allegations against "Sgt. HOV" to refer to Hogue.

Corrections Defendants argue that the Amended Complaint fails to state a claim against Defendant Hogue because it includes no factual allegations against him. ECF No. 102 at 8. Corrections Defendants are correct that the body of the Complaint does not mention Hogue, but it appears this omission may have been inadvertent and subject to corrective amendment. As Corrections Defendants acknowledge, the Court granted Lewis leave to substitute Hogue for the Defendant previously designated as "Sgt. HOV." Lewis made this substitution in the caption of the Amended Complaint but left the references to "Sgt. HOV" in place in the narrative of the pleading. Section 1983 liability requires a defendant's personal involvement in the alleged constitutional deprivation. *Rode v. Dellarciprete*, 835 F.2d 1195, 1207

(3d Cir. 1988). Personal involvement may be established through allegations of personal direction or actual knowledge and acquiescence and must be pleaded with appropriate factual particularity. *Id.* While it is possible Lewis intended to substitute Hogue for "Sgt. HOV" for all purposes, the Court cannot assume this to be the case. The Court will therefore dismiss the claim against Hogue but permit Lewis to file a second amended complaint substituting Hogue for Sgt. HOV, where appropriate, throughout out the pleading.

E. Lewis's Eighth Amendment failure-to-protect claim against Defendant Brumagin will be dismissed.

The Corrections Defendants argue that the Amended Complaint fails to state an Eighth Amendment failure-to-protect claim against Defendant Brumagin because Lewis does not allege facts showing Brumagin knew of and disregarded a substantial risk of harm. The Court agrees.

To state a failure-to-protect claim, a prisoner must allege facts to plausibly support that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk [to the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner's] harm." *Wood v. Detwiler*, 782 Fed. Appx. 103, 105 (3d Cir. 2019) (internal quotation marks and citation omitted); *see also Kalu v. Spaulding*, 113 F.4th 311, 341-42 (3d Cir. 2024). Deliberate indifference is a subjective standard requiring that "prison official-defendant must actually have known or be aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F3d 120, 125 (3d. Cir. 2001).

Such knowledge may be established through circumstantial evidence and reasonable inferences drawn from the facts alleged. *Farmer*, 511 U.S. at 842.

Lewis alleges that on December 4, 2021, he and inmate Ivy separately, and later jointly, requested that Brumagin move them to different cells because they "could not live together in peace." ECF No. 88 at 9-10. This request and its justification were too vague to have placed Brumagin on notice that either inmate posed an imminent danger or risk to the other. Lewis does not allege facts to support that Brumagin knew Ivy to be violent or otherwise to pose an imminent threat to Lewis. Lewis's vague reference to an inability to "live together is peace" was not the equivalent of either inmate threatening imminent violence against the other. *See Beaton v. Tennis*, 460 Fed. Appx. 111, 114 (3d Cir. 2012) (holding that district court did not err in holding that inmate's statement that he was "going to f* * * [plaintiff] up" was "too remote in time to suggest a 'real and proximate threat' to [plaintiff] and, in the prison context, were too vague to be actionable" for purposes of a failure-to-protect claim); *Knox v. Doe*, 487 Fed. Appx. 725, 727-28 (3d Cir. 2012) (inmate's allegations indicating that he warned prison officials of threats to his safety in only vague and speculative terms with no underlying facts fail to support a claim that prison employees acted with deliberate indifference for failing to prevent attack). Because of the multitude and complexity of factors prison officials must consider in determining the housing assignments of inmates, they are generally accorded broad discretion in such matters. *See Doe v. Pennsylvania Dep't of Corr.*, No. 1:20-CV-00023-SPB-RAL, 2021 WL 1583556, at *17 (W.D. Pa. Feb. 19, 2021), *report and*

*recommendation adopted*, No. CV 20-23, 2021 WL 1115373 (W.D. Pa. Mar. 24, 2021) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) ("Congress has given federal prison officials full discretion to control [prisoner classification and corresponding housing assignments]")). While this discretion cannot excuse an official's deliberate indifference to an imminent threat to an inmate's safety, more is required to override their judgment than the vague request for separate cells Lewis alleges in this case. Furthermore, the facts Lewis alleges also belie a finding of deliberate indifference on the part of Brumagin. Lewis acknowledges that once Brumagin learned of Ivy's assault, he immediately separated Lewis and Ivy and moved Lewis to a different housing block the following day. *Id.*, at 12.

Even viewed most favorably to Lewis, the allegations of the Amended Complaint fail to support either element of a failure-to-protect claim against Defendant Brumagin. Accordingly, the Court will grant Corrections Defendants' motion to dismiss as to this claim.

## VI. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Corrections Defendants' motion to dismiss. The motion will be denied to the extent is requests that Lewis's Amended Complaint be dismissed based on its failure to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. The motion will be granted in so far as it requests dismissal of Lewis's (1) official capacity claims for monetary relief against Corrections Defendants, (2) Eighth Amendment

deliberate indifference to medical needs claim against Defendant Smith, (3) Eighth Amendment claim against Defendant Hogue, and (4) Eighth Amendment failure-to-protect claim against Defendant Brumagin. Lewis's official capacity claims for monetary relief against Corrections Defendants, Eighth Amendment deliberate indifference to medical needs claim against Defendant Smith, and Eighth Amendment failure-to-protect claim against Defendant Brumagin will be dismissed with prejudice because further amendment as to these claims would be futile. The claim against Hogue will be dismissed without prejudice. Within twenty days of the date of the Court's accompanying Order, Lewis may file a second amended complaint substituting Hogue for Sgt. HOV where appropriate in the factual allegation of the pleading.[5]

DATED this 14th day of August, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

[5] The following claims of the Amended Complaint are unaffected by this Memorandum Opinion and the Court's accompanying Order: (1) Eighth Amendment failure-to-protect claim against Defendants Rook and Miller, (2) Eighth Amendment deliberate indifference claim against Defendants Avenali, Dorrian, and Geenander, and (3) state-law medical malpractice claim against Defendants Dorrian and Geenander.